56 F.3d 73
 1995-1 Trade Cases P 71,040
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diane Beal TEMPLIN, Individually and on behalf of other
dimension subscribers who subscribe to the
charismatic, pentacostal, or word of
faith such as Mary Alice
Kelly, et al.; Plaintiffs,
and
Curtis R. Richmond, etc., Plaintiff - Appellant,
v.
TIMES MIRROR CABLE TELEVISION, INC., Individually and doing
business as (DBA) Dimension Cable Services;
Defendant - Appellee.
 No. 94-55002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1995.
Decided May 22, 1995.
 
 1
 Before: BEEZER and TROTT, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Curtis R. Richmond appeals pro se the district court's grant of summary judgment in favor of Times Mirror Cable Television of San Diego County, Inc. ("Times Mirror"). Richmond claims Times Mirror's decision to discontinue broadcasting the Trinity Broadcast Network ("TBN") in favor of broadcasting the Vision Interfaith Network ("VISN") violated: 1) the Sherman Act, 15 U.S.C. Sec. 2; 2) the Cartwright Act, Cal. Bus. & Prof. Code Sec. 16700 et seq.; 3) the Cable Communications Policy Act of 1984, 47 U.S.C. Sec. 521 et seq.; 4) his First Amendment rights to freedom of speech and freedom of religion, pursuant to 42 U.S.C. Sec. 1983; and constituted 5) fraud, Cal. Civ. Code Sec. 1709; 6) negligent misrepresentation; Cal. Civ. Code Sec. 1710; and 7) breach of contract. Richmond also appeals the district court's denial of his motion for leave to file an amended complaint.[1]
 
 
 4
 We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 5
 * Sherman Act
 
 
 6
 Richmond alleges Times Mirror violated the Sherman Act under the theories of the essential facility doctrine and attempted monopolization. He failed, however, to establish the requisite elements of an antitrust claim under either doctrine.
 
 
 7
 First, TBN is not a competitor of Times Mirror. TBN is a cable "programmer" whose function is to create television shows and market them to media broadcasters. Times Mirror is a cable "operator" whose function is to operate and maintain a cable system for the delivery of television shows to consumers. TBN does not compete with Times Mirror for the purpose of providing consumers with a cable system. Likewise, Times Mirror does not compete with TBN by producing and marketing television shows. Furthermore, Times Mirror does not have any financial interest in either TBN or VISN. Therefore, Richmond has not alleged facts sufficient to conclude that Times Mirror has attempted to create or maintain a monopoly in the market of religious programming. We conclude Times Mirror is not a competitor of TBN. See Ferguson v. Greater Pocatello Chamber of Commerce, 848 F.2d 976, 983 (9th Cir. 1988).
 
 
 8
 Second, Richmond has not produced any evidence of antitrust harm. "To show antitrust injury, a plaintiff must prove that his loss flows from an anticompetitive aspect or effect of the defendant's behavior, since it is inimical to the antitrust laws to award damages for losses stemming from acts that do not hurt competition." Rebel Oil Co. v. Atlantic Richfield Co., No. 92-16932, slip op. 3767, 3779 (9th Cir. April 7, 1995). The Court in Rebel Oil observed:
 
 
 9
 In deciding whether the plaintiff was injured by an anticompetitive aspect or effect of the defendant's behavior, care must be taken in defining "competition." Competition consists of rivalry among competitors. Of course, conduct that eliminates rivals reduces competition. But reduction of competition does not invoke the Sherman Act until it harms consumer welfare. Consumer welfare is maximized when economic resources are allocated to their best use, and when consumers are assured competitive price and quality. Accordingly, an act is deemed anticompetitive under the Sherman Act only when it harms both allocative efficiency and raises the prices of goods above competitive levels of diminishes their quality.
 
 
 10
 Id. at 3779-80 (internal citations omitted).
 
 
 11
 In the instant case, Richmond does not claim the price of his cable service has increased as a result of Times Mirror's decision to switch from TBN to VISN. And although he certainly feels the quality of his cable service has been diminished by the change, this is not the result of anticompetitive conduct.
 
 
 12
 Because Richmond did not create a genuine issue of material fact as to whether TBN and Times Mirror were competitors or whether there was any antitrust injury either to himself or to consumer welfare, the district court correctly granted summary judgment in favor of Times Mirror on Richmond's Sherman Act claim.
 
 II
 Cartwright Act
 
 13
 Richmond alleges Times Mirror's actions also violated the Cartwright Act under California state law. The Cartwright Act, however, only prohibits combinations of actors to monopolize. Dimidowich v. Bell & Howell, 803 F.2d 1473, 1478 (9th Cir. 1986), modified, 810 F.2d 1517 (9th Cir. 1987). An alleged unilateral attempt to establish a monopoly is not cognizable under the Cartwright Act. Id.
 
 
 14
 Because Richmond did not allege that Times Mirror was acting in concert with any separate entity in an attempt to establish a monopoly, the district court correctly granted summary judgment in favor of Times Mirror on the Cartwright Act claim.
 
 III
 1984 Cable Act
 
 15
 Richmond contends Times Mirror violated section 612 of the Cable Communications Policy Act of 1984 ("Cable Act of 1994"), 47 U.S.C. Sec. 532, by refusing to carry TBN on its cable system.[2]
 
 
 16
 We need not reach the merits of Richmond claims under section 612 because he failed to allege sufficient facts in his complaint to establish standing. Richmond's complaint alleges only that TBN was denied access. Section 612(d) states: "Any person aggrieved by the failure or refusal of a cable operator to make channel capacity available for use pursuant to this section may bring an action in the district court of the United States ...." 47 U.S.C. Sec. 532(d). "The term 'person' was intended by Congress to refer to programmers who are either denied leased access time or offered such time on unreasonable terms and conditions." Media Ranch, Inc. v. Manhattan Cable Television, 757 F. Supp. 310, 317 (S.D.N.Y. 1991).
 
 
 17
 Because Richmond's complaint alleges only that TBN was denied access, he does not have standing to sue for a violation of section 612.[3]
 
 IV
 42 U.S.C. Sec. 1983
 
 18
 Richmond claims Times Mirror deprived him of his constitutional rights of freedom of speech and religion in violation of Sec. 1983. To establish a Sec. 1983 claim Richmond needed to produce evidence that Times Mirror acted under color of law to deprive him of a constitutional right. 42 U.S.C. Sec. 1983.
 
 
 19
 Richmond claims Times Mirror's decision not to carry TBN was state action because Times Mirror received a franchise from the City of Oceanside. The franchise agreement between Oceanside and Times Mirror, however, is insufficient as a matter of law to establish Times Mirror acted under color of law. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350-54 (1974) (holding a phone company's actions "cannot be deemed state action simply because of the phone company's public utility status"). Richmond did not even allege that any governmental entity played any role, direct or indirect, in Times Mirror's decision to replace TBN with VISN. He has thus failed to establish a genuine issue of material fact as to whether Times Mirror acted under color of law. Therefore, we do not reach the issue whether Richmond was deprived of any constitutional rights.
 
 V
 Fraud & Negligent Misrepresentation
 
 20
 Richmond failed to allege facts sufficient to satisfy the elements of fraud and negligent misrepresentation. See Cal. Civ. Code Secs. 1709, 1710. The record is devoid of any evidence creating any issue of fact as to these elements. Therefore, the district court properly granted summary judgment in favor of Times Mirror on these claims.
 
 VI
 Breach of Contract
 
 21
 Richmond claims Times Mirror breached its franchise agreement with the City of Oceanside. We do not reach the merits of this claim because Richmond does not have standing to assert the claim.
 
 
 22
 Richmond does not dispute that the parties to the franchise agreement were Times Mirror and the City of Oceanside. Richmond also does not dispute he is a resident of Encinitas. The only party to the original law suit who was a resident of Oceanside subsequently withdrew from the case and her claims against Times Mirror were dismissed with prejudice.
 
 
 23
 Because Richmond is not a resident of Oceanside, there is no colorable theory under which he can claim standing as a third party beneficiary.
 
 VII
 Leave to File an Amended Complaint
 
 24
 Richmond claims the district court erred in denying his motion for leave file an amended complaint. We review the denial of leave to amend after a responsive pleading has been filed for an abuse of discretion. National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir. 1993).
 
 
 25
 This court need not reach the merits of Richmond's claim because the motion to amend was untimely. See Parker v. Joe Lujan Enters. Inc., 848 F.2d 118, 121 (9th Cir. 1988). On April 20, 1993, Magistrate Louisa S. Porter entered the following order: "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before May 21, 1993." Richmond's motion to file an amended complaint was not filed until August 26, 1993. On appeal, Richmond fails to address the issue of the untimeliness of the motion.
 
 
 26
 The district court, however, did not mention untimeliness at the motions hearing. Rather, the court denied the motion for leave to amend stating:
 
 
 27
 The basis of this denial is that Times Mirror would be severely prejudiced by granting Plaintiff's leave to amend his complaint; moreover, additional claims proffered in the proposed second amended complaint were dismissed with prejudice by this court on May 21st, 1993. So it is of no useful purpose to this court to rehear ... those issues.
 
 
 28
 Nevertheless, these were appropriate reasons for denying the motion, see Parker, 848 F.2d at 121, and they are supported by the record. Richmond failed to show the district court abused its discretion in denying the motion to amend.
 
 
 29
 The order of the district court denying Richmond's motion for leave to amend and granting summary judgment in favor of Times Mirror is
 
 
 30
 AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Richmond argues that his relationship with his attorney prejudiced the conduct of this case before the district court. Because this claim has no effect on our decision with respect to Richmond's claims against Times Mirror, we express no opinion as to its merit
 
 
 [2]
 On appeal, Richmond also attempts to base his Cable Act claim on Times Mirror's alleged refusal to lease an available channel to F.I.M. Research. Richmond alleges he received an assignment of F.I.M. Research's claim against Times Mirror. Richmond's complaint, however, makes no mention of F.I.M. Research or Times Mirror's refusal to lease an available channel to any unaffiliated persons. Therefore, we will not consider this issue as it is improperly raised for the first time on appeal
 
 
 [3]
 Furthermore, even if Richmond did have standing, there is no evidence that TBN ever attempted to lease a channel from Times Mirror